**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-62548-KUNTZ**

**FALON AHIRIN RIVADENEIRA CONTRERAS,**

Plaintiff,

v.

**MIAMI FIELD OFFICE DIRECTOR,** *et al.*

Respondents.
_______________________________________/

**ORDER DENYING PETITION**

**THIS CAUSE** comes before the Court *sua sponte* on the Petition of Falon Ahirin Rivadeneira Contreras for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF 1], filed on September 14, 2026. After reviewing the Petition, the Court finds that it is an impermissible shotgun pleading, which also fails on other grounds. Accordingly, for the reasons that follow, the Court **DENIES** the Petition without prejudice.

Rule 8 of the Federal Rules of Civil Procedure governs pleading standards for habeas petitions. *See Garcia-Machuat v. Ripa*, 26-cv-21533, 2026 U.S. Dist. LEXIS 49079, at *2 (S.D. Fla. Mar. 9, 2026) ("The Petition is a shotgun pleading"); *see also Chirinos v. Immigr. & Customs Enf't (ICE)*, No. 6:26-cv-00264, 2026 U.S. Dist. LEXIS 25677, 2026 WL 327639, at *8 (M.D. Fla. Feb. 8, 2026) ("[T]he [Habeas] Petition is a shotgun pleading subject to dismissal pursuant to Rule 8[.]"). And, "[Petitions] that violate Rule 8(a)(2)… are often disparagingly referred to as

'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Thus, a "typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, the Petition fails as such. Notwithstanding the fact that many allegations enigmatically alternate between "his" and "her" (*e.g.,* "Within one year of **his** entry, Petitioner filed an application for asylum, on which **her** child is included…") [ECF 1 at page 6] (emphasis added), the Petition also confusingly "re-alleges and incorporates the foregoing paragraphs as if fully set forth herein" before each count. *Id*. at pages 10 and 12. That is improper under Rule 8, and it fails to rescue the petitioner from detention, too, where Count I, for example, contends that "[a] non-mandatory respondent is entitled, by regulation, to request a custody redetermination hearing before an immigration judge." *Id*. at page 10. In this case, the petitioner faces a highly recent state charge for grand theft auto. *Id.* at page 6. Hence, last week, ICE detained the petitioner only two days after posting bond for the state charge. *Id.* at page 7.

That matters, because—although the Petition does not include any Exhibits regarding the state charge—it is widely understood that "[f]ollowing the recent passage of the Laken Riley Act, Pub. L. 119-1, 139 Stat. 3 (2025) (codified at 8 U.S.C. § 1226(c)(1)(E)), Congress expanded the mandatory detention provisions of §

1226(c) specifically to include present, unadmitted aliens who were convicted of or **charged with** certain offenses." *Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1278 (11th Cir. 2026) (emphasis added). Moreover, 8 U.S.C. § 1101(a)(43)(G) identifies certain offenses such as "aggravated felony," including "a theft offense... for which the term of imprisonment [is] at least one year." Since the INA does not define "theft offense," the Court must "construe that term according to the generic definition of 'theft.'" *Ramdial v. U.S. Att'y Gen.*, - F.4th -, No. 25-10093, 2026 WL 2453337, at *3 (11th Cir. Aug. 21, 2026). Importantly, under Fla. Sta. 812.014, grand theft auto charges may impose years of imprisonment. *See Louima v. State*, 247 So. 3d 564, 566 (Fla. 4th DCA 2018).

District courts throughout the country have held that "Section 1226(c)(1)(E) applies to noncitizens who are merely 'arrested for' for certain crimes, even though the charge has not been proved, and the noncitizen might ultimately be exonerated." *T.C. v. Genalo*, 26-cv-5000, 2026 U.S. Dist. LEXIS 203802, at *7 (E.D.N.Y. Sept. 8, 2026); *see also Oldacre v. Arteta*, 26-cv-2672, 2026 U.S. Dist. LEXIS 111247, 2026 WL 1398650, at *4 (S.D.N.Y. May 19, 2026), *amended in part*, 26-cv-2672, 2026 U.S. Dist. LEXIS 132104, 2026 WL 1718184 (S.D.N.Y. June 12, 2026); *see also Hanson v. Joyce*, No. 26-cv-3326, 2026 U.S. Dist. LEXIS 158345, 2026 WL 2058445, at *2 (S.D.N.Y. July 16, 2026). Yet, the Petition does not explain why the petitioner escapes mandatory detention in light of Section 1226(c)(1)(E). *C.f. Moreno Marquez v. Warden, N. Fla. Det. Facility*, No. 3:26-cv-635-TJC-PDB, 2026 WL 1905796, at *3 (M.D. Fla. July 2, 2026) (holding that another Venezuelan

national's burglary convictions did not qualify for mandatory detention because of his underlying sentence's length). Rather, greater particularity is needed, where habeas relief is discretionary, requiring sufficient facts to justify release, unless "equitable principles dictate that [the Court] deny the Petition." *Hernandez v. Warden, Krome Serv. Processing Ctr.*, 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026). *See generally Withrow v. Williams*, 507 U.S. 680, 716-19 (1993).

Ultimately, in invoking *Hernandez Alvarez*, the Petition does not account for the fact that "Hernandez Alvarez ha[d] no criminal history." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami,* 175 F.4th 1258, 1263 (11th Cir. 2026). To that end, "holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (internal quotations omitted). Additionally, "Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing." *Perez v. Gonzalez*, - F. Supp. 3d -, 26-cv-62467, 2026 WL 2792870, at *4 (S.D. Fla. Sept. 10, 2026). Overall, for the relief sought on the facts and counts as pled, denial is again appropriate. Accordingly, it is

**ORDERED AND ADJUDGED** that the **Petition [ECF 1]** is **DENIED** without prejudice. Should the petitioner choose to amend, the petitioner has until **October 2, 2026** to refile and fix the foregoing deficiencies. Further, any pending motions are **DENIED** as moot, and the Clerk must **CLOSE** this case.

DONE in Fort Lauderdale, Florida on this 21st day of September 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record